IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § | |
| Plaintiff, § § | |
| vs. § § | |
| ASH NARAYAN, § THE TICKET RESERVE INC. § a/k/a FORWARD MARKET MEDIA, INC., § RICHARD M. HARMON, and § JOHN A. KAPTROSKY, § § Defendants. § § § | Civil Action No. 16-cv-1417 FILED UNDER SEAL |

*EX PARTE* ORDER GRANTING TEMPORARY RESTRAINING ORDER AND OTHER
EMERGENCY RELIEF, AND SETTING HEARING DATE ON PLAINTIFF'S
PRELIMINARY INJUNCTION MOTION

This matter came before the Court this 24th day of May, 2016 on motion of the Securities and Exchange Commission ("SEC"), for the issuance of an order granting, *ex parte*, certain emergency relief against the Defendants, Ash Narayan, The Ticket Reserve, Inc., Richard M. Harmon, and John A. Kaptrosky.

The SEC seeks orders: (1) freezing the assets of the Defendants; (2) temporarily restraining the Defendants from engaging in certain conduct; (3) prohibiting the Defendants from moving, altering, or destroying books, records, and accounts; (4) requiring each Defendant to provide sworn accountings; (5) authorizing expedited discovery; and (6) providing for alternative service of pleadings and other papers. Having considered the SEC's Complaint, motion, supporting memorandum, and appendices thereto, the Court finds:

1. This Court has jurisdiction over the subject matter of this action, and the SEC is a proper party to bring this action, to obtain relief sought in its Complaint and in its motion.

2. There is good cause to believe that each Defendant, has engaged, is engaged, and, unless enjoined, will continue to engage, in acts and practices that constitute and will constitute violations of Sections 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

3. There is good cause to believe that investor funds and assets obtained by the Defendants from the unlawful activities described in the SEC's Complaint have been misapplied and will be misappropriated, hidden, wasted, or otherwise used to the detriment of investors. Furthermore, there is good cause to believe that the Defendants do not have sufficient funds or assets to satisfy the relief that might be ordered in this action.

4. There is good cause to believe that requiring notice to the Defendants of the SEC's motion for this Order would result in immediate and irreparable injury, loss, or damage to the SEC and to investors.

5. There is good cause to believe that it is necessary to preserve and protect the business records of the Defendants from destruction.

6. There is good cause to believe that it is necessary to identify quickly all assets in the Defendants' possession or control.

7. This proceeding is one in which the SEC seeks a preliminary injunction.

8. The timing restrictions of Fed. R. Civ. P. 26(d) and (f), 30(a)(2)(C) and 34 do not apply to this proceeding in light of the SEC's requested relief and its demonstration of good cause.

9. Expedited discovery is appropriate to permit a prompt and fair hearing on the SEC's Motion for Preliminary Injunction.

**IT IS THEREFORE ORDERED:**

I.

1. The Defendants, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, are restrained and enjoined in connection with the purchase or sale of a security, by the use of means or instrumentalities of interstate commerce, or of the mails, or of the facilities of a national securities exchange, knowingly or recklessly:

   a. employing a device, scheme, or artifice to defraud; and/or

   b. engaging in an act, practice, or course of business which operated or would operate as a fraud or deceit upon a person.

[Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and (c) thereunder [17 C.F.R. § 240.10b-5(a) and (c)]].

II.

Defendant Ash Narayan and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined, in connection with the purchase or sale of a security, by the use of means or instrumentalities of interstate commerce, or of the mails, or of the facilities of a national securities exchange, from knowingly or recklessly making any untrue statements of material fact, or omitting to state material facts necessary in order to make statements made, in the light of the circumstances under which they were made, not misleading.

[Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(b) thereunder [17 C.F.R. § 240.10b-5(b)]]

### III.

2. Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, are restrained and enjoined, in the offer or sale of securities, by the use of means or instruments of transportation or communication in interstate commerce, or by use of the mails, directly or indirectly, from:

    a. knowingly or recklessly employing a device, scheme, or artifice to defraud; or

    b. knowingly, recklessly, or negligently engaging in a transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

[Section 17(a)(1) and (3) of the Securities Act [15 U.S.C. § 77q(a)]]

IV.

Defendant Narayan and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, are restrained and enjoined, in the offer or sale of securities, by the use of means or instruments of transportation or communication in interstate commerce, or by use of the mails, directly or indirectly, from knowingly, recklessly, or negligently obtaining money or property by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

[Section 17(a)(2) of the Securities Act [15 U.S.C. § 77q(a)]]

V.

3.  Defendant Narayan and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, are restrained and enjoined, in the offer or sale of securities, by the use of means or instruments of transportation or communication in interstate commerce or by use of the mails, while acting as an investment adviser within the meaning of Section 202(11) of the Advisers Act [15 U.S.C. § 80b-2(11)], from:

   a.  employing devices, schemes, and artifices to defraud any client or prospective client; or

    b.    engaging in acts, practices, or courses of business which operates as a fraud or deceit upon any client or prospective client.

[Sections 206(1)-(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1)-(2)]]

### VI.

Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, are restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds, or incurring any additional liability (including, specifically, by advances on any line of credit and any charges on any credit card), or effecting any sale, gift, hypothecation or other disposition of any asset, pending provision of sufficient proof to the Court of sufficient funds or assets to satisfy all claims alleged in the SEC's Complaint, or the posting of a bond or surety sufficient to assure payment of any such claim. Further, any bank, trust company, broker-dealer, depository institution, entity, or individual holding accounts or assets for or on behalf of any of the Defendants shall make no transactions in assets or securities (excepting liquidation that is necessary as to wasting assets) and no disbursement of assets or securities (including extensions of credit, or advances on existing lines of credit), including the honor of any negotiable instrument (including, specifically, any check, draft, or cashier's check) purchased by or for the Defendants, unless otherwise ordered by this Court.

### VII.

The SEC may cause a copy of this Order to be served on any bank, trust company, broker-dealer, depository institution, entity, or individual either by United States mail, email, or facsimile as if such service were personal service, to restrain and enjoin any such institution, entity, or

individual from disbursing assets, directly or indirectly, to or on behalf of Defendants, or any companies or persons or entities under their control.

## VIII.

Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, are restrained and enjoined from destroying, removing, mutilating, altering, concealing or disposing of, in any manner, their books and records and any other documents relating in any manner to the matters set forth in the SEC's Complaint, including the books and records of any entities under their control, unless otherwise ordered by this Court.

## IX.

A. Any party may notice and conduct depositions upon oral examination and may request production of documents or other things for inspection and or copying from parties prior to the expiration of thirty (30) days after service of the Complaint on the Defendants.

B. All parties shall comply with the provisions of Rule 45 of the Federal Rules of Civil Procedure regarding issuance and service of subpoenas unless the person designated to provide testimony or to produce documents or things agrees to provide the testimony or to produce the documents or things without the issuance of a subpoena and/or to do so at a place other than one at which testimony or production can be compelled.

C. Any party may notice and conduct depositions upon oral examination subject to minimum notice of 72 hours, excluding weekends.

D. All parties shall produce for inspection and copying all documents and things that are requested within 72 hours of service of a written request for those documents and things, excluding weekends.

E. All parties shall serve written responses to any other party's request for discovery. The Defendants' responses, and the interim accounting to be provided by Defendants, shall be sent to the SEC addressed as follows:

> United States Securities and Exchange Commission
> Fort Worth Regional Office
> Attention: Chris Davis
> Burnett Plaza, Suite 1900
> 801 Cherry Street, Unit #18
> Fort Worth, TX 76102-6882
> DavisCA@SEC.gov
> Facsimile: (817) 978-4927

The Plaintiff SEC's responses shall be sent to the other parties at such address(es) as may be designated by them in writing. Such delivery shall be made by the most expeditious means available, including by email and facsimile machine.

## XI.

The United States Marshal in any district in which any Defendant resides, transacts business, or may be found, is hereby authorized and directed to make service of process at the request of the SEC. Furthermore, the SEC is permitted to effect service of all pleadings and other papers, including the Summons, the Complaint, and court orders, by facsimile, by overnight courier, or by mail upon Defendants and their agents or their attorneys or by an alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, or as this Court may direct by further order.

## XII.

The hearing on the SEC's motion for a preliminary injunction shall take place at 9:30 o'clock a .m. on June 6 , 2016, in Courtroom 1570 or at such other time or place as counsel may be heard, and that the Defendants shall serve any papers in opposition to the SEC's motion so as to be received no later than three days before the time established in this Order for a hearing on the motion.  Service shall be made by email to Chris Davis, Senior Trial Counsel, at davisca@sec.gov, and by overnight delivery of the papers to the Securities and Exchange Commission, Burnett Plaza, Suite 1900, 801 Cherry Street, Unit 18, Fort Worth, Texas, 76102, to the attention of Chris Davis, Senior Trial Counsel, or such other place and person as counsel for the SEC may reasonably direct in writing.

Dated: 5/24 2016 at 5:35 PM

_____
CHIEF UNITED STATES DISTRICT JUDGE
BARBARA M. G. LYNN